IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00561-REB-MEH

BEVERLY KENNEDY, an individual resident of the State of Colorado, and
KENNEDY FARMS, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

MICHAEL MCCORMICK, an individual resident of the State of Texas d/b/a MTM Farm,
ROBERT BARBER, D.V.M., an individual resident of the State of Florida d/b/a Laurel Lane Equine Center, and
LAWRENCE WEXLER, D.V.M., an individual resident of the State of Florida,

    Defendants.

## ORDER ON MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Michael McCormick's Opposed Motion to Stay Proceedings Pending Determination of Motions to Dismiss [filed May 17, 2012; docket #28]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #29]. The motion is fully briefed[1] and was heard at the Scheduling Conference on May 23, 2012. For the reasons that follow, the Court **grants in part and denies in part** the motion.

### BACKGROUND

The Plaintiff initiated this action on March 2, 2012, essentially claiming that Defendant McCormick breached a purchase agreement for a horse, breached a fiduciary duty, breached implied warranties of merchantability and fitness, and made false representations and concealed material

---

[1] Defendant informed the Court at the Scheduling Conference that he will not file a reply brief.

facts concerning the soundness and suitability of the horse for competitive riding as a grand prix jumper. Docket #1. In addition, Plaintiff brings claims of professional negligence against Defendant veterinarians Barber and Wexler. *Id.* Defendants responded to the Complaint by filing motions to dismiss for lack of personal jurisdiction. *See* dockets #17 and #18.

In the present motion, Defendant McCormick claims that a temporary stay pending resolution of the jurisdictional issues raised in their motions to dismiss is appropriate to avoid any undue burden and expense of discovery should Defendants be summarily dismissed from the case. McCormick seeks an order staying all proceedings pending the resolution of the motions to dismiss; in the alternative, McCormick requests that the Court stay or delay all discovery until the Court resolves the motions to dismiss. The Court agrees that a temporary stay of discovery is proper here.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, McCormick seeks protection from the burdensome expense of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

2

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay of discovery is appropriate for the following reasons.

With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. Here, Plaintiffs' counsel stated at the Scheduling Conference that they require no discovery for analysis of the jurisdictional issues; at the same time, the Plaintiffs state an interest in proceeding expeditiously with this case. However, the Court finds Plaintiffs' interest is offset by Defendants' burden at this early stage of the litigation.

Here, Defendants filed motions to dismiss all claims against them for this Court's lack of personal jurisdiction. Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See, e.g., Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). In particular here, "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). Defendants assert that, should discovery proceed here and the Court eventually grant the motions to dismiss, any change of venue would likely result in increased costs for the retention of experts in the new jurisdiction, in addition to other costs associated with a change of venue. On balance, the Court finds that any potential harm to Plaintiffs is outweighed by the burden on

Defendants resulting from preparing experts and conducting and responding to discovery while the motions to dismiss are pending.

The third factor weighs slightly in favor of a temporary stay. If the motions to dismiss are granted, the case will be fully resolved in this jurisdiction; thus, staying the matter temporarily furthers the interests of judicial economy and efficiency. Additionally, consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. The Court does not perceive any impact on the interests of non-parties or the public from a temporary stay of discovery in this case.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed in this case.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Michael McCormick's Opposed Motion to Stay Proceedings Pending Determination of Motions to Dismiss [filed May 17, 2012; docket #28] is **granted in part and denied in part**. A temporary stay of discovery is hereby imposed for a period of three months. The Court will hold a Status Conference on **Thursday, August 23, 2012 at 9:45 a.m.** at which the Court will hear from the parties and determine whether to continue the stay of discovery.

Dated at Denver, Colorado, this 24th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge